LAND, J.
 

 Defendant is charged' with breaking and entering a dwelling house in the daytime with intent to rob and steal. He was tried by jury, convicted, and sentenced to not less than 2% nor more than 5 years in the state penitentiary, and has appealed.
 

 Defendant applied for a new trial on the ground that the property taken from the dwelling house was a slot machine, which it is unlawful to have in a dwelling house or in a place of business, and, as there is no provision in the laws of this state for the protection of such property, it could not be subject to larceny.
 

 We do not find it necessary to pass upon the question as to whether a “slot machine” is subject to larceny in the present case, since the trial judge states, in the per curiam to the bill reserved to the overruling of the motion for a new trial, that the evidence on the trial showed conclusively that the defendant broke and entered the dwelling house in the daytime, and stole the amount of $6 from a drawer in the dwelling house, and that this money was not in any way connected with the slot machine, which contained several dollars, and was also stolen and carried away by the defendant.
 

 As a matter of fact, defendant is not charged with the larceny of a “slot machine” or other property, but with breaking and entering a dwelling house in the daytime with intent to rob and steal.
 

 Evidence of larceny was admitted on the trial only to prove the specific intent to steal as an essential ingredient of the burglary charged. Whether defendant could legally entertain a felonious intent to steal contraband goods is also beside the question in this ease, as lawful money, not connected with the slot machine, was actually stolen by defendant from the dwelling house burglarized by him, thereby affording proof of a sufficient felonious intent to steal property within the protection of the law.
 

 The motion for new trial was properly overruled, and the bill reserved to the action of. the trial judge is the only one contained in the record.
 

 The conviction and sentence are therefore affirmed.